IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ARDNECIA WILLIAMS                                                                                          PLAINTIFF

vs.                                           Civil No. 1:24-cv-01014

COMMISSIONER, SOCIAL                                                                                     DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

Ardnecia Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") finding her disability ended on September 1, 2019, and that she had not been disabled under the Social Security Act ("Act") since that date.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

In a decision of March 18, 2013, Plaintiff was found to have become disabled under the Act on November 4, 2011. (Tr. 19). On September 19, 2019, it was determined Plaintiff's disability ended on September 1, 2019. *Id.* After this determination was upheld on

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 9. These references are to the page number of the transcript itself not the ECF page number.

1

reconsideration, the ALJ held an administrative hearing on June 29, 2021, and issued an unfavorable decision on August 18, 2021.  (Tr. 39-61, 103-115).  The Appeals Council then remanded the case to the ALJ for further consideration on August 2, 2022.  (Tr. 121-126).

Following remand, Plaintiff had an administrative hearing on January 10, 2023.  (Tr. 62-85).  At this hearing, Plaintiff was present and was represented by Odis Rose.  *Id.*  Plaintiff and Vocational Expert ("VE") Julia Gutierrez testified at this hearing.  *Id.*

On March 29, 2023, after the administrative hearing, the ALJ entered a decision finding Plaintiff's disability ended on September 1, 2019.  (Tr. 19-31).  The ALJ determined that on July 21, 2016, the comparison point decision, Plaintiff suffered from the severe impairments of lymphedema and Crohn's disease.  (Tr. 21, Findings 1, 2).  As a result of these impairments, Plaintiff was unable to sustain even sedentary work due to excessive absences from work.  *Id.*

The ALJ then determined that since September 1, 2019, Plaintiff had the following severe impairments: iritis, lymphedema, Crohn's disease, anxiety, and depression.  (Tr. 21, Finding 4).  Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 21, Finding 5).  The ALJ determined there to be a medical improvement that occurred on September 1, 2019.  (Tr. 23, Finding 6).

The ALJ then determined that, beginning September 1, 2019, Plaintiff had the RFC to perform a reduced range of light work with additional postural, manipulative, environmental, and vision restrictions. (Tr. 25, Finding 10).  The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found since September 1, 2019, Plaintiff was capable of performing her PRW as a

sales associate. (Tr. 29, Finding 11). Based upon this finding, the ALJ determined Plaintiff's disability ended on September 1, 2019. (Tr. 31, Finding 12).

Plaintiff requested the Appeals Council's review the ALJ's unfavorable disability determination. On December 28, 2023, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On February 23, 2024, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox*

*v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **<u>Discussion:</u>**

In her appeal brief, Plaintiff raises the following arguments for reversal: (A) the ALJ erred in the RFC finding and (B) the ALJ improperly evaluated her credibility. ECF No. 11 at 3-18.

Because this Court finds the ALJ erred in the RFC determination, the Court will only address this issue for reversal.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis.  *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996).  "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms."  *Id.*

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Plaintiff was found to have become disabled under the Act on November 4, 2011. (Tr. 19). Plaintiff's disability was determined to have continued in a decision of July 21, 2016. *Id*. The ALJ determined there to be a medical improvement that occurred on September 1, 2019, and found her disability ended on that date. (Tr. 31, Finding 12).

The Plaintiff has a long history of Crohn's disease. "Crohn's disease is a chronic, inflammatory disease of the gastrointestinal tract which produces symptoms such as severe abdominal pain, cramping, nausea, fatigue, diarrhea, and insomnia." *Dix v. Sullivan,* 900 F.2d 135, 136 (8th Cir.1990). Plaintiff's treatment for Crohn's requires her to receive intravenous infusions of Remicade. According to Plaintiff, the side effects of the medication cause her to be unable to work for roughly a week. (Tr. 52-53). In December 2020, Plaintiff's treatment of Remicade was increased to being done every 6 weeks. (Tr. 571). Plaintiff testified the treatments are now being done every 4 weeks. (Tr. 72).

Following a thorough review of the record, the undersigned finds the ALJ's treatment of the Plaintiff's Crohn's disease is not supported by substantial evidence. The Court finds that remand is necessary to allow the ALJ to either seek a Physical RFC from the Plaintiff's treating Gastroenterologist or obtain a consultive exam from a doctor within that specialty. Because the RFC determination is not supported by substantial evidence in the record, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's decision is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings

consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of March 2025.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE