IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ARDNECIA WILLIAMS PLAINTIFF

vs. Civil No. 1:24-cv-01014

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION DEFENDANT

**ORDER**

Pending now before the Court is Plaintiff's Unopposed Motion for Attorney's Fees under 42 U.S.C. § 406(b). ECF No. 18.[1] The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4. This Motion is now ripe for consideration

**1. Background**

On February 23, 2024, Plaintiff appealed to the Court from the Commissioner of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 2. On March 27, 2025, Plaintiff's case was reversed and remanded to the SSA for further administrative review. ECF Nos. 13, 14.

After that remand, Plaintiff was found disabled and awarded disability benefits. ECF No. 18-1. On September 14, 2026, the Agency notified Plaintiff's counsel that $12,239.98 was being withheld from Plaintiff's past-due benefits as an award of attorney fees. *Id.* Plaintiff had previously entered into a contingency-fee agreement with Plaintiff's counsel, in which she agreed to pay 25% of

[1] According to the Motion, Plaintiff conferred with Defendant and Defendant indicated they neither support nor oppose counsel's request for attorney's fees under 42 U.S.C. §406(b) in the amount of $12,239.98.

any past-due benefits awarded. ECF No. 18-3. Such contingency-fee agreements are contemplated by the Social Security Act. *See* 42 U.S.C. § 406(b)(1)(A).

With this Motion, Plaintiff counsel seeks an award of $12,239.98 for attorney fees. ECF No. 18. On June 26, 2025, this Court had previously awarded fees pursuant to the Equal Access to Justice Act in the amount of $8,000.00. ECF No. 17. Upon an award of attorney's fees pursuant to this motion, Plaintiff counsel agrees to refund those fees received to Plaintiff pursuant to the Equal Access to Justice Act.

**2. <u>Applicable Law</u>**

Federal law regulates the fees that attorneys may charge Social Security claimants for representation before the Social Security Administration and a reviewing court. *See* 42 U.S.C. § 406(a)-(b). Section 406(a) governs fees for representation in administrative proceedings and Section 406(b) controls fees for representation in court. *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019), citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).

Successful claimants may seek fees from the court under both 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), and 42 U.S.C. § 406(b). Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment, a reasonable attorney fee for the representation of the claimant before the court. This fee must not exceed twenty-five percent of the total past-due benefits to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the claimant's past-due disability insurance benefits. *Id.*; *see also Iames v. Saul*, 2021 WL 2364455 (W.D. Ark. June 9, 2021). While fee awards may be made under both § 406(b) and EAJA, the claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart,* 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat 186).

In determining the fee, the Supreme Court has made clear that Section 406(b) instructs courts to use attorney-client contingency fee agreements when determining the fees to be awarded. *See Gisbrecht v. Barnhart*, 535 U.S. at 793. This consideration should not serve to "override customary attorney-client contingency-fee agreements." *Id*. at 808. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807. Where a contingency agreement is within the boundary set by statute – capped at 25% of the past-due benefits awarded – the Court must determine whether the fees sought are reasonable before awarding fees under Section 406(b). *Id.* The Supreme Court's guidance includes consideration of the character of the representation, the results the representation achieved, whether any delays were caused because of the representation, the actual amount of time spent achieving success, and counsel's normal hourly rate. *Id.* at 808-809.

**3. <u>Discussion</u>**

Based upon his itemized bill, Plaintiff's attorney spent 34.80 hours of work devoted to representing Plaintiff before the district court. ECF No. 18-2. Pursuant to the contingency fee agreement, Plaintiff's attorney is entitled to twenty-five percent of past-due benefits. *Id.* In this matter, Plaintiff's attorney seeks an award of amount totals $12,239.98. ECF No. 18.

Counsel's request for $12,239.98 – when divided by the 34.80 hours of work performed before this Court – equates to an hourly rate of approximately $351.72. This rate is comparable to rates approved by the Western District and other courts within the Eighth Circuit.

The Court has examined Plaintiff's Unopposed Motion, contingency-fee agreement, and exhibits attached to the Motion. The Court is now satisfied that an award of $12,239.98 in attorney's fees, made pursuant to 42 U.S.C. § 406(b), is reasonable due to the character of Plaintiff's representation and the positive results achieved for Plaintiff, the fact that Plaintiff's attorney was not responsible for any measurable delay in the proceedings, and the fact that the request for fees does

not represent a "windfall" to in comparison to the monetary award Plaintiff received and the amount of time invested in the case.

**4. Conclusion**

Based upon the foregoing, Plaintiff's Unopposed Motion for Attorney's Fees (ECF No. 18) is **GRANTED**, and Plaintiff's counsel is awarded $12,239.98 in attorney fees. Further, Plaintiff's counsel shall refund to Plaintiff the amount of $8,000.00, which was awarded under the EAJA in attorney fees on June 26, 2025. ECF No. 17.

**ENTERED this 13th day of October 2026.**

/s/ Spencer G. Singleton
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE